IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>Plaintiff,<br><br>v.<br><br>ADINA ROE, ALAN JONES, GOOD FOOD STORE EMPLOYEES,<br><br>Defendants. | CV 26-41-M-KLD<br><br>ORDER |

On February 26, 2026, Plaintiff Kermit Ty Poulson, who is proceeding prose, lodged a Complaint against the above-named Defendants (Doc. 1). On May 19, 2026, Poulson filed a motion for leave to proceed in forma pauperis (Doc. 5). Poulson has also filed a motion for court appointed counsel (Doc. 6) and a motion requesting summonses for both Defendants (Doc. 7).

## I. Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. Poulson has completed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 5). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II. Screening Requirement

Because Poulson is proceeding in forma pauperis, the Court must review the Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

The court has an obligation to construe pro se pleadings liberally and to afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint

should be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l.,* 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III. Plaintiff's Allegations

Poulson filed this action using the Court's "Complaint for Violation of Civil Rights" form. (Doc. 1). Poulson names Adina Roe and Alan Jones as Defendants, both of whom he identifies as employees of a local grocery store named the Good Food Store.[1] (Doc. 1 at 1-2).

In the "Basis for Jurisdiction" section of the Complaint form, Poulson checked a box indicating that he intends on bringing claims under *Bivens*, which permits claims against federal officials for violations of certain constitutional rights. Poulson also indicates that he intends on bringing claims under 42 U.S.C. §

---

[1] The Good Food Store is a domestic non-profit corporation that is registered in the State of Montana, in active and good standing. https:biz.sosmt.gov/search/business (last visited Oct. 6, 2026).

1983, which permits claims against state and local officials for “the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.” 42 U.S.C. § 1983. (Doc. 1 at 3). Poulson describes the basis of his purported § 1983 claim as follows: “Title III ADA of 1990 violations of store not allowing in a service dog, or a person with a disability accompanied with a service dog.” (Doc. 1 at 3). In response to a question asking for an explanation of how each defendant acted under color of state or federal law, Poulson writes: “Good Food Store employees attacked me and kicked my wheelchair and violently pushed my wheelchair outside and threw me out of my wheelchair and kicked my dog who was federally registered and ADA licensed.” (Doc. 1 at 4).

In the “Statement of Claim” section of the Complaint, Poulson alleges that “in 2012 and again in 2025” Good Food Store employees “wouldn’t let me in the store to shop because I am disabled mentally and physically.” (Doc. 1 at 4). With respect to the first incident, Poulson alleges that sometime in 2012 he was in the store with his service dog, Buddy, when a confrontation took place regarding the status of his dog. (Doc. 1 at 4). At that point, Poulson asserts, “they made up a false claim that I was disruptive or disturbing the peace, and called the police and lied to the police that I was being disruptive, for advocating for my service dog, which is not illegal.” (Doc. 1 at 4). With respect to the second incident, Poulson alleges he “was discriminated [against] again in 2025 when I went to shop in

November and [was] told to leave." (Doc. 1 at 5). Poulson does not provide any additional details regarding either incident, such as specific dates, or which did defendant did what, and when.

In the "Injuries" and "Relief" sections of the Complaint, Poulson alleges he sustained injuries, including "[falling] out of my wheelchair, emotional distress, anxiety, embarrassment, humiliation [and] forced into a situation without the protection of my service dog." (Doc. 1 at 5). Poulson does not indicate if he sustained these injuries in 2012 or 2025. Poulson seeks relief in the form of monetary damages of $50,000 for each of the two incidents. (Doc. 1 at 5).

## IV. Analysis

As explained in the Complaint form used by Poulson, § 1983 permits claims against state or local officials for the violation of constitutional rights or federal law, and *Bivens* permits claims against federal officials for the violation of certain constitutional rights. (Doc. 1 at 3). Taking Poulson's allegations as true, Roe and Jones are employees of the Good Food Store, which is a private entity. Poulson does not allege any facts showing that the Good Food Store could conceivably be considered a state actor, and does not allege that any state, local, or federal officials deprived him of any rights provided by the Constitution or federal law as required to state a claim under *Bivens* and § 1983.

Accordingly, the Court liberally construes Poulson's pleading as alleging claims under Title III of the Americans with Disabilities Act of 1990 ("ADA"), which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A grocery store is considered a place of public accommodation under Title III. 42 U.S.C. § 12181(7)(E).

To state a claim under Title III of the ADA, a plaintiff must allege that "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

Monetary "[d]amages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *see also Molski v. M.J. Cable*, *Molski v. M.J. Cable*, 481 F.3d 724, 730 (9th Cir. 2007) ("Monetary damages are not available in private suits under Title III of the ADA[.]") (*citing Wander*, 304 F.3d at 858). "In addition, to establish standing to pursue injunctive relief, which is the only relief available to

private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citation omitted). Here, Poulson does not seek injunctive relief and instead seeks only money damages in the total amount of $100,000. (Doc. 1 at 5). Because monetary damages are not available under Title III of the ADA, Poulson fails to state a claim for relief.

Additionally, "[i]ndividual liability under Title III of the ADA is limited." *Jeffries v. Foodland Grocery*, 2020 WL 5505123, at *3 (D. Haw. Sept. 11, 2020) (citing *Lentini v. Cal. Ctr. For the Arts. Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (determining that because Title IIII of the ADA "prohibits discrimination 'by any person who owns, leases (or leases to), or operates a place of public accommodation,'" a defendant could be individually liable if that person "had the requisite authority to qualify as an 'operator' under Title III") (quoting 42 U.S.C. § 12182(a)); *see also Conway v. Sequoia Equities, Inc.*, 2026 WL 2069975, at *12 (C.D. Cal. July 13, 2026) ("An individual may be personally liable for violations of the ADA only if he or she is the 'operator' of a place of public accommodation where the discriminatory act occurred.") (citing *Lentini*, 370 F.3d at 849).

Poulson does not name the Good Food Store as a defendant, but rather two individual store employees, Roe and Jones. Poulson does not allege any facts showing that Roe and Jones own, lease, or operate the Good Food Store or are

otherwise possibly covered by Title III. For this reason as well, Poulson's complaint fails to state a claim for relief. *See Jeffries*, 2020 WL 5505123, at *3 (finding that to the extent the plaintiff intended to bring a Title III ADA claim against a grocery store security guard, the plaintiff failed to allege facts showing that the security guard operated the store or was otherwise possibly covered by Title III).

In addition to the pleading deficiencies identified above, Poulson's Title III ADA claim arising out of events that took place in 2012 is barred by the statute of limitations. "A plaintiff has no cause of action under the ADA for an injury that occurred outside the limitations period." *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137 (9th Cir. 2002). The ADA does not identify a statute of limitations; therefore, the court "borrow[s] the statute of limitations applicable to the most analogous state-law claim." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (noting that "[a] number of unpublished dispositions have also stated . . . that the personal injury limitations period applies to ADA claims." *Id.* at 771 n.3). "Montana's three-year statute of limitations for personal injury actions applies to ADA claims." *Shriner v. Wild Jack's Casino*, 2011 WL 6020160, at *2 (D. Mont. 2011) (citing *Donoghue v. City of Orange*, 848 F.2d 926, 930 (9th Cir. 1987); Mont. Code An. § 27-2-204 (Under Montana law, "the period prescribed for the

commencement of an action upon a liability not founded upon an instrument in writing is 3 years.").

"A claim may be dismissed under [Fed. R. Civ. P.] 12(b)(6) on the ground that it is time barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Poulson's first claim of disability discrimination is based on events that allegedly took place in 2012, but he did not file his Complaint in this case until February 26, 2026. (Doc. 1 at 1). It is apparent on the face of the Complaint that this claim falls outside the statute of limitations and is therefore subject to dismissal.

## V. Plaintiff's Motions

Poulson has filed a motion for appointment of counsel. (Doc. 6). Poulson explains that he has bipolar disorder, post-traumatic stress disorder, and a personality disorder, and that he does not understand the rules of civil procedure or courtroom etiquette. (Doc. 6).

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, the court has discretionary authority to appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). To warrant appointment of counsel under § 1915(e)(1), there must be a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991). The exceptional circumstances inquiry "requires an evaluation of both 'the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1131 (9th Cir. 1986)).

Poulson has not shown the necessary combination of probable success on the merits and inability to articulate his claims in light of legal issues involved. Poulson is sufficiently capable of litigating on his own behalf, as reflected by the fact he has filed a number of pro se complaints in this district over the past several years. Poulson's likelihood of success is less than clear. The Court finds that Poulson is not entitled to court appointed counsel.

Poulson has also filed a motion requesting a summons for Roe and Jones. (Doc. 7). Because Poulson's complaint fails to state a claim for relief, this motion is premature and will be denied.

## VI. Conclusion

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A. A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg*, 488 F.3d at 1205.

As explained above, to the extent Poulson alleges Defendants violated Title III of the ADA in 2012, his claim is barred by the statute of limitations and amendment would be futile. This claim is subject to dismissal with prejudice.

To the extent Poulson alleges Defendants violated Title III of the ADA in 2025, the Court will allow Poulson to file an amended complaint to cure the defects described above. Any amended complaint must eliminate the request for monetary damages, include a request for injunctive relief, and plead facts establishing entitlement to injunctive relief. Any amended complaint must also describe which individual Good Food Store employee did what and when, and either name the Good Food Store as the sole defendant or allege facts showing how any individual defendant could be liable as a person who owns, leases, or operates the Good Food Store. For the reasons discussed above, the Court enters the following:

**ORDER**

**IT IS ORDERED** that Poulson's motion to proceed in forma pauperis (Doc. 5) is **GRANTED** and the filing fee is waived. The Complaint is deemed filed on February 26, 2026.

**IT IS FURTHER ORDERED** that Poulson's motion for motion for court appointed counsel (Doc. 6) and a motion requesting summonses (Doc. 7) are **DENIED.**

**IT IS FURTHER ORDERED** that Poulson shall have until **November 20, 2026**, within which to file an Amended Complaint. Poulson is cautioned that if he does not file an Amended Complaint by November 20, 2026, this case will be recommended for dismissal.

At all times during the pendency of this action, Poulson must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

DATED this 16th day of October, 2026.

Kathleen L. DeSoto
United States Magistrate Judge